

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

| | |
|---|---|
| LETITIA JAMES<br>ATTORNEY GENERAL | BARBARA D. UNDERWOOD<br>SOLICITOR GENERAL<br>DIVISION OF APPEALS & OPINIONS |

May 11, 2023

Honorable Catherine O'Hagan Wolfe
Clerk of Court
U.S. Court of Appeals for the Second Circuit
40 Foley Square
New York, NY 10007

  Re: *National Shooting Sports Foundation, Inc. v. James*, No. 22-1374

Dear Ms. Wolfe:

  I write on behalf of appellee Letitia James to advise this Court of the Supreme Court's decision in *National Pork Producers Council v. Ross*, No. 21-468 (May 11, 2023), which affirmed the dismissal of a dormant Commerce Clause challenge that out-of-state pork producers brought against a California statute banning the in-state sale of certain pork products. That decision confirms that the district court here correctly dismissed appellants' dormant Commerce Clause challenge to New York's gun-related public nuisance statute.

  First, the Supreme Court reiterated that the dormant Commerce Claus's chief aim is to prevent discrimination against out-of-state-commerce, holding that a facial-discrimination claim must allege that a state regulation "seeks to advantage in-state firms or disadvantage out-of-state rivals." Op. 8. Here, appellants failed to identify *any* in-state business exempt from New York's statute or treated more favorably than out-of-state businesses. Appellee Br. 38-43.

  Second, the Supreme Court unanimously rejected the *per se* extraterritoriality rule advanced by the pork producers and by appellants here. Op. 9-11. In so doing, the Court held that the "extraterritoriality doctrine" barred only state regulations that "deliberately prevented out-of-state firms from undertaking competitive pricing or deprived businesses and consumers in other States of whatever competitive advantages they may possess." Op. 11-12 (cleaned up). Here, New York's statute falls

within its authority over in-state health and safety and does not directly regulate out-of-state transactions. Appellee Br. 49-50.

Finally, the Supreme Court held that the *Pike* balancing test—as a branch of the "core antidiscrimination precedents"—prohibits only state regulations that "in operation would disclose purposeful discrimination." Op. 17. Five justices voted to affirm the complaint's dismissal under *Pike*, with a four-justice plurality concluding that the asserted burdens on commerce were too speculative to state a *Pike* claim, Op. 21-25 (Gorsuch, Thomas, JJ.); Concurring Op. 3 (Sotomayor, Kagan, JJ.), and a fifth justice opining that the particular burdens from and benefits of California's statute were "incommensurable," Concurring Op. 1 (Barrett, J.). Here, appellants have alleged only hypothetical costs from compliance with New York's statute, which are far less substantial than the burdens alleged in *National Pork Producers*. Appellee Br. 44-45.

                                                Respectfully submitted,

                                                */s/ Dennis Fan*

                                                Dennis Fan
                                                Senior Assistant Solicitor General