Clement & Murphy
PLLC

May 19, 2023

**Via CM/ECF**

Catherine O'Hagan Wolfe
Clerk of Court
U.S. Court of Appeals for the Second Circuit
40 Foley Square
New York, NY 10007

      Re:    *Nat'l Shooting Sports Found., Inc. v. James*, No. 22-1374

Dear Ms. Wolfe:

Appellants write in response to Appellee's letter regarding the Supreme Court's decision in *National Pork Producers Council v. Ross*, No. 21-468. In her haste to bring that decision to this Court's attention, Appellee vastly overread it.

First, *Ross* nowhere held that the Commerce Clause's antidiscrimination principle is confined to laws that "seek[] to advantage in-state firms or disadvantage out-of-state rivals." Slip.op.8. Even if it had, moreover, that is precisely what §898 does: It imposes its obligations *only* on commerce involving firearms that have traveled in interstate commerce. Op.Br.40. Nothing in *Ross* purports to disturb the many cases holding that a state may not burden commerce more heavily "when it crosses state lines." *Chem. Waste Mgmt., Inc. v. Hunt*, 504 U.S. 334, 342 (1992).

Second, while *Ross* curtailed application of the Commerce Clause to state laws that have "extraterritorial *effects*," it went out of its way to make clear that it was not extending that holding to laws that "*directly* regulate[] out-of-state transactions." Slip.op.14-15 & n.1. Appellee herself recognizes as much, as evidenced by her felt-need to claim that §898 "does not directly regulate out-of-state transactions." Dkt.180.at.2. That claim is inexplicable; §898 subjects industry members to damages and even injunctive relief stretching far beyond New York's borders for wholly out-of-state transactions with no connection whatsoever to New York. Op.Br.45-46. That is as direct as it gets.

Finally, while Appellee tries to extract from *Ross* a rule that *Pike* claims must allege discrimination, that claim is belied by the concurrence of Justice Sotomayor, joined by Justice Kagan, both of whose votes were necessary to the judgment, which expressly disavowed that very proposition. Slip.op.2 (Sotomayor, J., concurring). As Justice Sotomayor explained, a majority of the Court actually endorsed the proposition that *Pike* claims need *not* allege discrimination, and that while extraterritorial *effects* may not be per

Ms. Catherine O'Hagan Wolfe, Clerk of Court
May 19, 2023
Page 2 of 2

se unconstitutional, they are certainly relevant *Pike* balancing. *Id.* at 2-3. It is hard to imagine a law that imposes greater burdens on interstate commerce than one that unabashedly seeks to bankrupt an entire industry—in direct contravention of an Act of Congress, no less.

          Respectfully submitted,

          /s/Erin E. Murphy
          Erin E. Murphy
          CLEMENT & MURPHY PLLC
          706 Duke Street
          Alexandria, VA 22314
          (202) 742-8900
          erin.murphy@clementmurphy.com

Cc: All counsel of record (*via CM/ECF*)