Clement & Murphy
PLLC

August 29, 2023

**Via CM/ECF**

Catherine O'Hagan Wolfe
Clerk of Court
U.S. Court of Appeals for the Second Circuit
40 Foley Square
New York, NY 10007

   Re: *National Shooting Sports Foundation, Inc. v. James*, No. 22-1374

Dear Ms. Wolfe:

  The Attorney General mischaracterizes *NSSF v. Attorney General of New Jersey*, No. 23-1214 (3d Cir.), and elides distinctions between that case and this one.

  The Third Circuit underscored that "what the enforcer has said about enforcement plans" is critical to whether a plaintiff faces imminent injury from enforcement of a statute. Op.11. And in the Third Circuit, counsel for "the Attorney General" of New Jersey specifically "disavowed" any intention of enforcing the challenged statute, New Jersey Assembly Bill 1765, against "[NSSF] or its members just for participating in 'lawful commerce.'" Op.11. In other words, New Jersey said on the record that it has no plans to bring an enforcement action against an NSSF member unless the State has reason to believe that the member's "sale, manufacturing, … or marketing of a gun-related product" violated some *other* statute, such that the conduct would be "unlawful in itself." *See* N.J. Stat. Ann. §2C:58-35(a)(1). That on-the-record disavowal of any intention to enforce A1765 against NSSF members for lawful conduct, even if the State views that conduct as "unreasonable under all the circumstances," *see id.*, materially altered the Article III analysis. *See* Op.10-14. Here, by contrast, New York has said nothing of the sort.

  Moreover, whereas only the Attorney General of New Jersey can enforce A1765, private parties can sue under New York's statute. *See* N.Y. Gen. Bus. Law §898-E. That distinction matters; as the Third Circuit explained, "the risk of enforcement is greater when private parties can enforce the law." Op.10. And, of course, it is not just the State and private parties that can sue under Section 898; municipalities can too—and some already have, bringing suit under Section 898 against *some of the very plaintiffs in this case* alleging that their conduct, though not in violation of any concrete prohibition or obligation, nonetheless is unreasonable and therefore actionable under Section 898. Unless and until Attorney General James is willing to disavow any intention of bringing any such suits of

---

706 Duke Street • Alexandria, VA 22314
202.742.8900 • www.clementmurphy.com

her own, NSSF's members continue to stand at imminent risk of suffering the very injury that federal law protects them against.

Respectfully submitted,

s/ Erin E. Murphy
PAUL D. CLEMENT
ERIN E. MURPHY
MATTHEW D. ROWEN[*]
NICHOLAS M. GALLAGHER[*]
CLEMENT & MURPHY PLLC
706 Duke Street
Alexandria, VA 22314
(202) 742-8900

[*] supervised by principals of the firm who are licensed to practice in Virginia

Counsel for Plaintiffs