

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES
ATTORNEY GENERAL

BARBARA D. UNDERWOOD
SOLICITOR GENERAL
DIVISION OF APPEALS & OPINIONS

July 8, 2024

Honorable Catherine O'Hagan Wolfe
Clerk of Court
U.S. Court of Appeals for the Second Circuit
40 Foley Square
New York, NY 10007

    Re:    *National Shooting Sports Foundation, Inc. v. James*, No. 22-1374

Dear Ms. Wolfe:

    I write pursuant to Federal Rule of Civil Procedure 28(j) to apprise the Court of a recent technical amendment to General Business Law (GBL) § 898-a(6), one of the definitional provisions of the New York state gun-related public nuisance statute at issue in this case. In the amendment, the Legislature clarifies that the definition of "qualified product" in the state law incorporates the definitions of "firearm" and "ammunition" from 18 U.S.C. §§ 921(a)(3)(A)-(B), 921(a)(16), and 921(a)(17)(A), as well as the component parts of such firearms or ammunitions, and omits the cross-reference to the definition of "qualified product" in the Protection of Lawful Arms in Commerce Act (PLCAA), 15 U.S.C. § 7903(4). *See* Ex. 1 (S.7392/A.7555A, signed into Ch. 123, 2024 N.Y. Laws (June 28, 2024)).

    As this Court is aware, PLCAA defines "qualified product" by cross-reference to the definitions of "firearm" and "ammunition" in 18 U.S.C. §§ 921(a)(3)(A)-(B), 921(a)(16), and 921(a)(17)(A), and includes the additional requirement that the firearm or ammunition (or component part thereof) "has been shipped or transported in interstate or foreign commerce." *See* 15 U.S.C. § 7903(4). As explained in appellees' brief (at 39 n.3), Congress included the additional requirement to ensure that PLCAA fell within its commerce powers, while the New York statute cross-referenced the definition only to indicate the legislative intent to qualify for PLCAA's predicate exception. The technical amendment to GBL § 898-a(6) clarifies the Legislature's

intent by expressly cross-referencing the substantive definitions of "firearm" and "ammunition" used in PLCAA.

As the appellees' brief also explained (at 39-43), GBL § 898-a(6)'s definitional cross-reference to PLCAA did not amount to facial discrimination against interstate commerce because the New York statute regulates in-state and out-of-state businesses alike with respect to their sale and marketing of "qualified product[s]." In any event, the technical amendment is sufficient to defeat appellants' facial-discrimination challenge, which was based only on the definitional cross-reference. *See* Br. for Appellants at 39-42; Reply Br. for Appellants at 15-19.

Respectfully submitted,

*/s/ Ester Murdukhayeva*

Ester Murdukhayeva
Deputy Solicitor General