Clement & Murphy
PLLC

June 6, 2025

**Via CM/ECF**

Catherine O'Hagan Wolfe
Clerk of Court
U.S. Court of Appeals for the Second Circuit
40 Foley Square
New York, NY 10007

  Re: *National Shooting Sports Foundation, Inc. v. James*, No. 22-1374

Dear Ms. Wolfe:

  Plaintiffs write to notify this Court of the recent decision in *Smith & Wesson Brands, Inc. v. Estados Unidos Mexicanos* ("*S&W*"), No. 23-1141 (U.S. June 5, 2025). *S&W* confirms that New York General Business Law §§898-a to -e ("§898") is preempted.

  *S&W* did not mince words: "Congress enacted [PLCAA] to halt a flurry of lawsuits attempting to make gun manufacturers pay for the downstream harms resulting from misuse of their products." Op.15. The civil actions "Congress had in mind" are those that "seek[] to recover from American firearms manufacturers for the downstream damage [criminals] wreak with their guns." *Id.* Thus, while PLCAA "includes the predicate exception," "that exception" cannot be read so broadly as to "swallow … the rule." *Id.*

  Yet that is precisely what New York asks this Court to do, as §898 authorizes the exact sort of actions Congress set out to (and did) preempt in PLCAA. Indeed, that is §898's whole point, as the Governor candidly admitted. Section 898-b(1) copies-and-pastes the text of New York Penal Law §240.45—the general criminal nuisance statute that *City of New York v. Beretta* held is *not* a predicate statute under PLCAA—except insofar as it swaps out its predecessor's application to acts and "person[s]" generally with a limitation to "the sale, manufacturing, importing[,] or marketing" of firearms or related products by "gun industry member[s]." The clear lesson of *S&W*, however, is that PLCAA cannot be so easily evaded. Section 898-b(2) further requires firearm industry members to "establish and utilize reasonable controls and procedures to prevent [their] products from being possessed, used, marketed or sold unlawfully in New York." But, again, *S&W* is explicit: "A manufacturer of goods is not an accomplice to every unaffiliated retailer whom it fails to make follow the law." Op.12. *S&W* also confirms that "manufacturers cannot be" held liable just because they "'[d]esign and market[]'" lawful firearms and other "legal" products that criminals "like." Op.13-14. PLCAA bars suits premised on those theories whether they arise under aiding-and-abetting principles or a state law like §898 that just codifies negligence and nuisance theories as to the firearm industry.

706 Duke Street • Alexandria, VA 22314
202.742.8900 • www.clementmurphy.com

        Respectfully submitted,

        <u>s/Matthew D. Rowen</u>
        PAUL D. CLEMENT
        ERIN E. MURPHY
        MATTHEW D. ROWEN
        CLEMENT & MURPHY PLLC
        706 Duke Street
        Alexandria, VA 22314
        (202) 742-8900

        Counsel for Plaintiffs